IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

GARY BROWNING, JR., :
:
    Petitioner :
:
:
VS. : **7 : 05-CV-72 (HL)**
:
PAUL THOMPSON, Warden, :
:
:
    Respondent. :

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on July 5, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to five (5) counts of burglary in the Superior Court of Echols

County on August 22, 2001.  Petitioner was sentenced to forty-two (42) years in prison and forty (40) years of probation.  The petitioner did not pursue a direct appeal.  On September 17, 2003, the petitioner filed a state habeas petition.  By order dated June 2, 2004, the state habeas court denied relief, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on February 21, 2005.  Petitioner's motion for reconsideration was denied on May 9, 2005, completing collateral review.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner.  The petitioner did not file a direct appeal of his conviction, making it final on or about September 21, 2001, the date on which the 30-day period for filing a notice of appeal expired.  Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from September 21, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner's state habeas petition was not filed until September 17, 2003, or almost one (1) year after the expiration of the one year limitations period.   Following the completion of collateral review on May 9, 2005, the petitioner waited until July 5, 2005, to file this federal petition.

The petitioner's argument that he is entitled to equitable tolling of the limitations period based on delays in his attempts to obtain the transcript of his guilty plea hearing is without merit.  "Section 2244 permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)). The petitioner maintains that, upon his January 28, 2002, realization that his sentences were set to run consecutively rather than concurrently, he began filing motions for

sentence review and to withdraw his guilty plea. He maintains that in April 2002 he began requesting his "case records" from the trial court, but that these records were not sent until October 7, 2002, apparently due to the illness of the transcribing clerk. Petitioner does not explain or address, however, his initial delay in seeking the transcript(s), nor does his explain why he waited almost one (1) more year after receiving the records before filing a state habeas petition on September 17, 2003. Petitioner clearly pursued other avenues of post-conviction relief without the transcript(s), and he has offered no explanation as to why the transcript(s) were necessary prior to the filing of his state habeas petition. Thus, the petitioner has failed to show that his untimely filing of this federal petition was due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence".[1]

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 10th day of January, 2006.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

---

[1] Additionally, the court notes that "[a]n application for sentence review in Georgia does not serve as the substitute for an appeal, habeas corpus proceeding, or extraordinary motion for new trial, and cannot serve as the forum to exhaust state court remedies for purposes of federal habeas corpus review. Thus, the pendency of Petitioner's application for sentence review did not toll the one-year period of limitations under 28 U.S.C. § 2244(d)(2)." Young v. Head, 89 F. Supp. 2d 1370 (N.D.Ga. 2000), *aff'd*, 247 F.3d 247 (11th Cir. 2001).